508 P.2d 1185

Thomas Glenn CONNERS and James Martin Edwards, Plaintiffs and Appellants,

v.

John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.

Nos. 12866, 12894.

Supreme Court of Utah.

April 19, 1973.

7. Yee v. Okamoto, 45 Haw. 446, 370 P.2d 463, 466 (1962).

**312**

D. Gilbert Athay, of Salt Lake Legal Defenders, Salt Lake City, for plaintiffs and appellants.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Justice.

Appeal from the denial of a petition for writ of habeas corpus. Affirmed.

 Appellants pleaded guilty to grand larceny and were sentenced and incarcerated. They stole a car in Texas and drove it to Utah. They contend that Utah courts have no jurisdiction to charge and try them on a theft in a sister state. They also urge that the statute allowing the court to accept the guilty plea [1] is unconstitutional, as denying a right to compulsory process, which urgence seems to be frivolous since the trial court lost its balance leaning over backwards advising them of such right.

The charge of grand larceny was laid under Title 76–38–1 and 76–38–4, U.C.A. 1953, and grand larceny is defined therein, including a provision of prima facie evidence of guilt if one has not satisfactorily explained possession of recently stolen property.

Under Title 77–8–16, U.C.A.1953, the precise facts of this case confer jurisdiction for a criminal action in any county into which the stolen goods are brought, and under Title 76–38–13, U.C.A.1953, such facts explicitly are punishable "in the same manner as if such larceny or receiving had been committed in this state." Such a statute has been recognized by a substantial majority of the states, as reflected in the reporting in 156 A.L.R. 862 et seq., to which we subscribe.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

1. Title 76–38–12, Utah Code Annotated 1953.